FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D N.Y.
★ MAY 07 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ANTHONY NEWERLS, DESHAWN WILLIAMS, CARL BECKFORD, EDDISON ARTHUR and REGINALD WHEELER, Individually, On Behalf of All Others Similarly Situated and as Class Representatives,

                Plaintiffs,

-against-

ACS TELECOMMUNICATIONS, LLC, KENNETH SHAW and DARRYL MCDUFFY,

                Defendants.
---------------------------------------------------------------X

COMPLAINT
10 Civ. (2102)

PLAINTIFFS DEMAND A TRIAL BY JURY

ECF CASE
ROSS, J.
MANN, M.J.

      Plaintiffs Anthony Newerls, DeShawn Williams, Carl Beckford, Eddison Arthur and Reginald Wheeler, individually, on behalf of themselves and all others similarly situated and as Class Representatives by their attorneys, Lipman & Plesur, LLP, complain of defendants ACS Telecommunications, LLC, Kenneth Shaw and Darryl McDuffy ("ACS" or "defendants"), as follows:

## PRELIMINARY STATEMENT

      1.     Plaintiffs complain on behalf of themselves, and other current and former employees of defendants throughout the United States, who are employed by defendants as Technicians or Techs or Installers and possibly other titles or in a similarly situated capacity (hereinafter collectively referred to as "Technicians") who may elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C.A. § 216(b) ("FLSA"), that they are owed: (i) minimum wages; (ii) overtime premium pay, and (iii) liquidated damages pursuant to the FLSA.

2. Plaintiffs further complain pursuant to Fed. R. Civ. Proc. 23 on behalf of themselves, and a putative class of other similarly situated current and former employees of defendants who worked as Technicians in New York, that they are owed additional wages from defendants for failure to pay minimum wages and overtime premium pay pursuant to the New York State Miscellaneous Industries and Occupations Wage Order, N.Y. Comp. Codes R. & Regs. Tit. 12, § 142, the New York Minimum Wage Act, New York Labor Law §§ 190 et seq. and New York Labor Law §§ 650 et seq. (hereinafter collectively referred to as "NYLL").

## JURISDICTION AND VENUE

3. Plaintiffs invoke the jurisdiction of this Court pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216, and the supplemental jurisdiction statute, 28 U.S.C. § 1367, in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4. The venue of this action is proper because the events or omissions giving rise to the claims occurred within, and defendants conduct business within, the Eastern District of New York.

## PARTIES

5. Plaintiffs and their similarly situated co-workers throughout the United States were employed by defendants and held positions as Technicians.

6. Plaintiff Anthony Newerls ("Plaintiff Newerls") is an adult individual residing in Kings County, New York. Plaintiff Newerls has been employed by defendants as a Technician from in or about April 2009 to the present.

2

7.  Plaintiff DeShawn Williams ("Plaintiff Williams") is an adult individual residing in Kings County, New York. Plaintiff Williams has been employed by defendants as a Technician from in or about July 2008 to the present.

8.  Plaintiff Carl Beckford ("Plaintiff Beckford") is an adult individual residing in Kings County, New York. Plaintiff Beckford has been employed by defendants as a Technician from in or about 2007 to the present.

9.  Plaintiff Eddison Arthur ("Plaintiff Arthur") is an adult individual residing in Kings County, New York. Plaintiff Arthur has been employed by defendants as a Technician from on or about December 3, 2008 to the present.

10. Plaintiff Reginald Wheeler ("Plaintiff Wheeler") is an adult individual residing in Kings County, New York. Plaintiff Wheeler has been employed by defendants as a Technician from in or about 2007 to January 2009 and in or about September 2009 to the present.

11. At all times relevant, defendants were covered by the FLSA and the NYLL.

12. Defendant ACS Telecommunications, LLC ("Defendant ACS") is headquartered at 945 Shepherd Avenue, Brooklyn, New York and, *inter alia*, provides technical service and support to customers of cable, internet, VoIP and satellite companies.

13. Upon information and belief, Defendant Kenneth Shaw ("Defendant Shaw") serves as an officer of defendant ACS.

14. Upon information and belief, Defendant Darryl McDuffy ("Defendant McDuffy") serves as an officer of defendant ACS.

15. Each of the individual defendants engaged in business in New York and

3

other locations throughout the United States. Each individual defendant is sued individually and in his capacity as an owner, officer and/or agent of defendant ACS.

16. Defendant ACS is operated jointly by individual defendants Shaw and McDuffy together with defendant ACS.

17. Each individual defendant was the principal, agent, partner, joint venturer, controlling shareholder of the other defendants, and/or was engaged with the other defendants in a joint enterprise for profit, and bore such other relationships to the other defendants so as to be liable for their conduct.

18. Upon information and belief, defendant Shaw had responsibility for defendants' wage-hour policies and practices.

19. Upon information and belief, defendant McDuffy had responsibility for defendants' wage-hour policies and practices.

20. Defendants have maintained a common policy and practice of, *inter alia*: (1) not paying for all hours worked, (2) not paying overtime premium pay for work in excess of 40 hours a week and (3) making improper deductions from wages.

21. At all relevant times, defendants affected commerce within the meaning of 29 U.S.C. § 203(b).

22. Upon information and belief, defendant ACS is a domestic corporation organized and existing under the laws of the State of New York which manages all of defendants' operations.

23. At all relevant times, one or more defendants employed and/or jointly employed one or more plaintiffs.

4

24. The gross annual volume of sales made or business done by defendant ACS, for each year of the past three years, was not less than $500,000.00.

25. At all relevant times, defendants were plaintiffs' employers within the meaning of the FLSA and NYLL.

26. Defendants had the power to hire and fire plaintiffs, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for plaintiffs' services.

27. Defendants were joint employers of plaintiffs and their similarly situated co-workers.

28. Defendants operated as a single enterprise.

29. The named plaintiffs bring this action on behalf of themselves and all others similarly situated, pursuant to 29 U.S.C. § 216(b).

## FACTS

30. Plaintiffs, and their similarly situated co-workers, installed cable, video and data lines as well as other additional and related services in residential and/or commercial locations throughout New York City for customers of telecommunications companies.

31. Upon information and belief, all of the individuals employed by defendants as Technicians were similarly situated, performing similar duties, without receiving overtime premium pay, sometimes not receiving minimum wages and were subjected to various improper deductions from wages.

32. Upon information and belief, defendants jointly managed employment records.

5

33. Upon information and belief, plaintiffs are not paid at all during the first four weeks of their employment during classroom training.

34. Upon information and belief, at the time of hire, plaintiffs were told that they would be paid per job, according to a schedule that contained codes, jobs and rates that differed depending on the type of service performed for the customer.

35. Plaintiffs were required to report to the work base, usually by 6:00 a.m. to pick-up equipment and routes before starting work in the field.

36. Upon information and belief, the customers of the telecommunications companies were allowed to choose a period of time or a "window" of several hours during which time plaintiffs were required to start the installation job.

37. Upon information and belief, plaintiffs were required to remain in the field until the last job was completed.

38. Plaintiffs were required to return to base after the last job to return equipment and complete paperwork.

39. Plaintiffs worked long hours, and at times, did not leave the field until 10:00 p.m. or 11:00 p.m.

40. Plaintiffs usually worked six days per workweek.

41. Plaintiffs were required to purchase and maintain their own tools, van or small truck, lock box, ladders and gas.

42. Plaintiffs' wages were subject to many deductions by defendants for various alleged offenses, including, *inter alia*, lost or missing equipment, alleged damage to a customers' possessions or home and penalties for arriving at a job outside of the given window.

6

43. Upon information and belief, defendants usually contest parking tickets or other violations and regardless of whether they are successful, deduct monies from Plaintiffs' wages for such matters.

44. Upon information and belief, defendants withhold three weeks of wages at the outset of the period of employment ("lag pay") and then deduct for various penalties at the end of the employment term so that frequently, employees are not paid the three weeks lag pay and sometimes, even owe money to ACS.

## CLASS ALLEGATIONS

45. Plaintiffs sue on their behalf and on behalf of a class of persons pursuant to Fed. R. Civ. Proc. 23.

46. The named plaintiffs bring this case for minimum wage and overtime premium pay for a putative class that worked, in violation of New York Labor Law §§ 190 *et seq.*, for the six years preceding the filing of this action (the "class period").

47. Upon information and belief, the unlawful wage related practices and policies are ongoing.

48. The employees in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such employees is unknown, and facts on which calculation of that number are presently within the sole control of defendants, upon information and belief, there were well over 40 members of the Class during the class period.

49. There are questions of law and fact common to the Class which predominate over questions affecting only individual members of the Class, including:

a.  Whether defendants failed to pay plaintiffs minimum wages for all work, including but not limited to time spent waiting for equipment, assignment of routes and returning equipment, completing required paperwork, travelling and training;

b.  Whether defendants failed to pay plaintiffs at all for certain jobs;

c.  Whether plaintiffs were denied overtime premium pay for hours worked in excess of 40 in a workweek;

d.  Whether defendants failed to pay plaintiffs minimum wages when paychecks were withheld due to alleged damage or improper work;

e.  Whether defendants wrongly required plaintiffs to pay for the "tools of the trade" necessary to do the work; and,

f.  Whether defendants improperly made deductions from plaintiffs' wages.

## THE FLSA CLAIMS

50. Plaintiffs and their similarly situated co-workers were paid on a "per job" or production basis.

51. Plaintiffs and their similarly situated co-workers were and have been employed on various dates between May 10, 2004 and the present.

52. Plaintiffs and their similarly situated co-workers were not compensated for all hours worked.

53. Plaintiffs, and their similarly situated co-workers, regularly worked in excess of 40 hours in the workweek. However, plaintiffs and their co-workers were not paid

overtime premium pay for all work hours in excess of 40 hours in the workweek.

54. Plaintiffs', and their similarly situated co-workers' duties included, *inter alia*, installing voice, data and cable lines to residential and/or commercial customers.

55. Defendants maintained a policy and practice of not compensating Technicians minimum wage for all hours worked and/or overtime premium pay for work in excess of 40 hours in a workweek.

56. Upon information and belief, various employees complained about defendants' pay policies and the deductions from wages and defendants ignored these complaints.

## AS AND FOR A FIRST CAUSE OF ACTION

### Violation of the Minimum Wage Provisions of the FLSA

57. Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 56 of this Complaint.

58. At times, defendants failed to pay plaintiffs at the applicable minimum hourly rate in violation of 29 U.S.C. § 206(a).

59. Defendants' failure to pay plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

60. Plaintiffs have been damaged in an amount to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION

### Violation of the Overtime Provisions of the FLSA

61. Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 60 of this Complaint.

62. Defendants failed to pay plaintiffs overtime compensation of one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

63. Defendants' failure to pay plaintiffs overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

64. Plaintiffs have been damaged in an amount to be determined at trial.

## AS AND FOR A THIRD CAUSE OF ACTION

### Violation of the New York Minimum Wage Act

65. Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 64 of this Complaint.

66. At times, defendants failed to pay plaintiffs and the putative Class at the applicable minimum hourly rate, in violation of the NYLL.

67. Defendants' failure to pay plaintiffs at the applicable minimum hourly rate was willful within the meaning of the NYLL.

68. Plaintiffs and the putative Class have been damaged in an amount to be determined at trial.

## AS AND FOR A FOURTH CAUSE OF ACTION

### Violation of the Overtime Provisions of the New York Labor Law

69. Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 68 of this Complaint.

70. Defendants failed to pay plaintiffs and the putative Class overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in

excess of 40 hours in a workweek, in violation of the NYLL.

71. Defendants' failure to pay plaintiffs overtime compensation was willful within the meaning of the NYLL.

72. Plaintiffs and the putative Class have been damaged in an amount to be determined at trial.

## AS AND FOR A SEVENTH CAUSE OF ACTION

### NYLL Section 193 Claim

73. Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 72 of this Complaint.

74. Defendants required plaintiffs who served as Technicians to provide the "tools of the trade" necessary to do the work of a Technician.

75. Defendants subjected plaintiffs to unlawful deductions from wages.

76. By deducting wages, defendants violated NYLL §§ 193, 198-b and N.Y.C.R.R. tit. 12, § 137-2.5.

77. Plaintiffs and the putative class members have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court enter a judgment:

A. Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

B. Certifying this action as a class action under Rule 23 of the Federal Rules

11

of Civil Procedure for all putative class members for applicable claims under NYLL;

C. Awarding plaintiffs damages for the amount of unpaid wages, including minimum wages and overtime premiums, under the FLSA and NYLL;

D. Awarding plaintiffs damages for the amounts unlawfully deducted from wages, under the FLSA and the NYLL;

E. Awarding plaintiffs liquidated damages in an amount equal to the minimum wage and overtime compensation owed pursuant to 29 U.S.C. § 216(b) and the NYLL;

F. Declare defendants' conduct complained of herein to be in violation of the plaintiffs' and the Class's rights as secured by the NYLL and that it must cease;

G. Award plaintiffs pre-judgment interest;

H. Award plaintiffs the costs of this action together with reasonable attorneys' fees; and,

I. Grant such other injunctive and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: Jericho, New York
      May 6, 2010

                                      Respectfully submitted,

By: _____
                                      Robert D. Lipman
                                      Lizabeth Schalet
                                      David Robins
                                      Lipman & Plesur, LLP
                                      500 North Broadway, Suite 105
                                      Jericho, NY 11753-2131
                                      Telephone:   (516) 931-0050
                                      Facsimile:    (516) 931-0030